**CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH**

Charles E. Hicks et al.

v.

Thomas M. Ammons, III, et al.

October 7, 1983

Case No. CH-262

By JUDGE GEORGE W. VAKOS

This matter is before the court on Exceptions filed by Mr. Garland Layton, in his own behalf, to the report of William B. Smith, Commissioner in Chancery, filed on July 21, 1983. Argument was heard on the Exceptions on August 12, 1983, at which time the matter was taken under advisement in order to give me an opportunity to read the transcript of the evidence taken before Commissioner Smith and to review the authorities cited by the parties in their memoranda.

Based on the evidence presented and the law as it applies to extinguishing easements acquired by express reservation in a deed, I am of the opinion that the Exceptions should be sustained as they apply to the portion of the property presently owned by Charles E. Hicks, Jr., and Richard S. and Judy L. Foster, but not as to Marguerite F. Van Horn.

The Commissioner erred in finding that the purpose of the parking easement was to allow lot owners to park their cars and walk across the footbridge over Pleasure House Lake to the beach; and since the footbridge no longer exists, the purpose of the parking reservation no longer exists and this, coupled with nonuse of the parking reservation, constituted an abandonment. The evidence does not support this finding. Although there was some evidence presented that the footbridge was used by persons parking

on the lot in question, there was also evidence presented that the lots platted were 25 feet wide and that there was a need then and now for additional parking in the area for those who purchased lots from Norfolk Lot Corporation.

> By the great weight of authority, an easement created by a general grant or reservation, without words limiting it to any particular use of the premises, is not affected by any reasonable change in the use of the premises. *Savings Bank v. Raphael*, 201 Va. 718, 723 (1960).

Also, "the mere nonuser of an easement which has been created by grant does not extinguish it, or show that it has been abandoned." *Norfolk & W. R. Co. v. Obenchain*, 107 Va. 596 (1907).

In *Lindsey v. Clark*, 193 Va. 522, 525 (1952), the Supreme Court of Virginia stated that:

> (1) Abandonment is a question of intention. A person entitled to a right of way or other easement in land may abandon and extinguish such right by acts *in pais*; and a cessation of use coupled with acts or circumstances clearly showing an intention to abandon the right will be as effective as an express release of the right.
>
> (2, 3) But mere non-user of an easement created by deed, for a period however long, will not amount to abandonment. *In addition to the non-user, there must be acts or circumstances clearly manifesting an intention to abandon; or an adverse user by the owner of the servient estate, acquiesced in by the owner of the dominant estate, for a period sufficient to create a prescriptive right.* (Emphasis mine). Nor is a right of way extinguished by the habitual use by its owner of another equally convenient way unless there is an intentional abandonment of the former way.
>
> (4) The burden of proof to show the abandonment of an easement is upon the party claiming

such abandonment, and it must be established by clear and unequivocal evidence.

The evidence is not clear and unequivocal that the reservation for parking granted in the deed from Norfolk Lot Corporation to Chris G. Cristopoulos in 1938 was totally abandoned or ceased to be used by those entitled to do so. The portion of the property presently owned by complainants, Charles E. Hicks, Jr., and Richard S. and Judy L. Foster, has changed little since the time of the conveyance, except that weeds, underbrush, and trees have covered a portion of the property. It even appears that the casino was in existence at the time of the conveyance, and the building is still standing today.

Thus, nothing appears to have been done by Mr. Hicks or the Fosters, or their predecessors in title showing an intent to deprive those who were entitled to park on this property from doing so.

This is not the case with that portion of the property presently owned by Margaret Van Horn, for the evidence reveals that upon acquiring the property over twenty years ago, a residence was constructed thereon and it has been used as a residence since that time. Further, the evidence reveals that this portion of the property was never used for parking by those entitled to do so. It thus appears clear from the evidence that the non-use of this portion of the property for parking and its use by the Van Horns for a residence these many years was an act that was intended and did deprive those who were entitled to park on the property from dong so.

> Prolonged *non-user* of an easement, standing alone, does not suffice to show an abandonment, even though the non-user continues for twenty years or other prescriptive period. In addition to the mere non-user, there must be either acts on the part of the owner of the dominant tract, showing an intent to abandon permanently the use of the servient land, or acts of the owner of the servient tract, showing an intent to obstruct the dominant owner's enjoyment of the easement. 109 *Minor*, page 148.

A decree should be presented for entry dismissing the Bill of Complaint as it applies to the complainants, Charles E. Hicks, Jr., and Richard S. and Judy L. Foster, and finding that the easement for parking on the property owned by Margaret Van Horn has been abandoned as set out above.